085275.0347(207)  RMC:lab  No. 397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ROCKHILL INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **JOHN E. REID AND ASSOCIATES, INC.,** | ) |
| an Illinois corporation, **MICHAEL** | ) |
| **MASOKAS, KATELYN NEWEY** not | ) |
| individually but as **SPECIAL** | ) |
| **REPRESENTATIVE of THE ESTATE OF** | ) |
| **ARTHUR T. NEWEY,** Deceased, and | ) |
| **JEANNE OLSON** not individually but as | ) |
| **TRUSTEE OF THE WILLIAM AMOR** | ) |
| **REVOCABLE LIVING TRUST,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Rockhill Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, John E. Reid and Associates, Inc., an Illinois corporation, Michael Masokas, Katelyn Newey not individually but as the Special Representative of the Estate of Arthur T. Newey, Deceased, and Jeanne Olson not individually but as Trustee of the William Amor Revocable Living Trust, alleges the following:

## JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a judgment declaring that an insurance policy issued in 2014 does not apply to claims in an underlying-action seeking damages for conduct which allegedly occurred in 1995 and 1997 and which allegedly involved, among other things, a forced false confession, malicious prosecution and conviction for crimes, leading to a subsequent exoneration.

## VENUE

2. Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

## THE PARTIES

3. Rockhill Insurance Company ("Rockhill") is an Arizona insurance corporation which maintains its principal place of business in Columbus, Ohio, and which was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. John E. Reid and Associates, Inc. ("Reid") is an Illinois corporation which maintains its principal place of business in Chicago, Illinois.

5. Michael Masokas is a resident and citizen of the State of Illinois, and a former employee of Reid.

6. Katelyn Newey is a resident and citizen of the State of Illinois. She is sued herein not individually but as the Special Representative of the Estate of Arthur T. Newey, who, at the time of his death, was a resident and citizen of the State of Illinois, and a former employee of Reid.

7. Jeanne Olson is a resident and citizen of the State of Illinois. She is sued herein not individually but as Trustee of the William Amor Revocable Living Trust and, as such, the plaintiff in a certain action more fully described below. Rockhill seeks no relief from Olson, who has been joined herein as a party defendant solely to be bound by the judgment rendered in this cause.

## THE UNDERLYING LITIGATION

8. In an action filed in the United States District Court for the Northern District of Illinois, under Cause No. 20 C 1444, Olson seeks damages from Reid, Masokas and Ms. Newey for Amor's investigation, arrest, prosecution and conviction for starting a fire which occurred at 218 East Bailey Avenue in Naperville, Illinois on September 10, 1995, and resulted in the death of Marianne Miceli ("the Underlying Litigation"). A true and correct copy of the First Amended Complaint therein ("the Underlying-Litigation Complaint") is attached hereto and is marked as Pleading Exhibit A. (Original plaintiff therein Amor died on January 31, 2023, and Olson, as Trustee of the William Amor Revocable Living Trust, subsequently was substituted therefor.)

9. As against Reid, Masokas and Ms. Newey, the Underlying-Litigation Complaint currently asserts claims for violation of Amor's constitutional rights under the

3

Fifth and Fourteenth Amendments of the United States Constitution by coercing a false confession from him (Count II) and thereby conspiring to deprive him of his constitutional rights from arrest through conviction (Count IV), and failing to intervene to prevent the misconduct (Count V), as well as Illinois state law claims for intentional infliction of emotional distress (Count VII) and conspiracy (Count VIII). As against Reid only, it also asserts a state law claim for vicarious liability for its employees' conduct (Count IX).

10. The Underlying-Litigation Complaint alleges that Amor was charged with first-degree murder and aggravated arson, and that he was tried and convicted of both on September 17, 1997. It further alleges that on April 6, 2017, his conviction was vacated after a state trial court concluded that his confession was "scientifically impossible[,]" and that on February 21, 2018, he was acquitted following retrial.

### THE ROCKHILL POLICY

11. For the period of December 29, 2014 to December 29, 2015, Rockhill issued to Reid a Commercial General Liability insurance policy numbered RCGLPG01504-00 (the "Rockhill policy"). A true and correct copy of the Rockhill policy is attached hereto and is marked as Pleading Exhibit B.

12. The Rockhill policy "**COVERAGE B PERSONAL AND ADVERTISING INJURY**" Insuring Agreement provides in part as follows (Ex. B at 9-10):

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will

    have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

    **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

  **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business by only if the offense was committed in the "coverage territory" during the policy period.

13. Also, the Rockhill policy "**DEFINITIONS**" section provides in part as follows (Ex. B at 16, 18-19):

 **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. . . .

 **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. . . .

 **14.** "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

  **a.** False arrest, detention or imprisonment;

  **b.** Malicious prosecution . . . .

 **17.** "Property damage" means:

5

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

### TENDER OF DEFENSE

14. Following service of process upon them, Reid, Masokas and Mr. Newey tendered their defense to Rockhill and, subject to a reservation of rights, Rockhill began defending them in the Underlying Litigation.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND OR INDEMNIFY)

15. Rockhill adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 15 hereof as though the same were fully set forth herein.

16. In view of the foregoing, Rockhill contends that, under the Rockhill policy, it has no duty to defend or indemnify Reid, Masokas or Ms. Newey in the Underlying Litigation for the reason that Olson seeks to recover damages not for any "bodily injury" or "property damage" – coverage for which would be precluded or excluded in any event – but rather for "loss of liberty, emotional distress, and mental anguish" that Amor allegedly sustained as a result of being charged, convicted, and incarcerated for crimes that he did not commit, and that any "personal and advertising injury" occurred in 1997 when Amor was charged, prosecuted and convicted of crimes he did not commit, more than 17

years prior to the inception of the Rockhill policy; accordingly, no "offense" constituting "personal and advertising injury" occurred during the policy period of the Rockhill policy.

17. On information and belief, however, Reid, Masokas and Ms. Newey contend that they are entitled to coverage under the Rockhill policy.

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties under the terms and conditions of the insurance policy referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Rockhill Insurance Company, prays that this Court enters judgment as follows:

### AS TO COUNT I:

A. Finding and declaring that, under its insurance policy numbered RCGLPG01504-00, Rockhill Insurance Company has no duty to defend or to indemnify John E. Reid and Associates, Inc., Michael Masokas or Katelyn Newey (not individually but as Special Representative of the Estate of Arthur T. Newey, Deceased) in the action filed in the United States District Court for the Northern District of Illinois, Eastern Division, under Cause No. 20 C 1444.

B.      Granting Rockhill Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.      Awarding Rockhill Insurance Company its just and reasonable costs incurred herein and having execution issue therefor.

Respectfully submitted:

/s/ *Robert Marc Chemers*
Robert Marc Chemers
Bar No: 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone:   (312) 578-7548
Fax:           (312) 346-8242
E-Mail: rchemers@pretzelstouffer.com